870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SALUS CORPORATION, Plaintiff-Appellant,
v.
Morton L. OLSHAN, Richard P. Steinberg, Vincent Guerriero,
Frank L. Flautt, W. Jefferies Mann, Wilton D.
Hill, Flautt Mann Properties, Inc.,
Defendants- Appellees.
SALUS CORPORATION, Plaintiff-Appellee,
v.
Morton L. OLSHAN, Richard P. Steinberg, Vincent Guerriero,
Frank L. Flautt, W. Jefferies Mann, Wilton D.
Hill, Flautt Mann Properties, Inc.,
Defendants- Appellants.
 Nos. 88-2052, 88-2060.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1988.
Decided March 8, 1989.
 
 Edgar T. Bellinger (Elena W. King, Zuckert, Scoutt & Rasenberger, on brief) for appellant/cross-appellee.
 Mark Scott London (Laxalt, Washington, Perito & Dubuc, on brief) for appellees/cross-appellants.
 Before ERVIN, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a dispute between Morton L. Olshan and his business associates (collectively "Fair Oaks"), who sought to construct a motel, and Salus Corporation ("Salus"), formerly Fair Oaks' general contractor for the construction project. Salus sued to recover costs it alleged Fair Oaks owed after dismissing Salus during the construction. On Salus' appeal from an $875,031.23 trial judgment in favor of Fair Oaks, we remanded for a recalculation of damages. Salus Corp. v. Olshan, No. 86-2060 (4th Cir. Oct. 9, 1987). Salus now appeals from a judgment awarding it net costs of $88,892.67, arguing it ought to receive more in unreimbursed costs and interest. Fair Oaks cross-appeals for the original judgment. We affirm.
 
 I.
 A.
 
 2
 Mingling the language of the parties' contract and of the appropriate standard of review, the first issue on Salus' appeal is whether the district court clearly erred in determining what costs Salus necessarily incurred in the proper performance of its assignment. Anderson v. City of Bessemer, 470 U.S. 564 (1985). We hold it did not. Salus does not seriously contest the finding that it did not substantially perform. The district court's finding that Salus understaffed and generally mishandled the job clearly colored the district court's opinion, as did suspicions triggered by Salus' shifting and often uncorroborated evidence of costs. Given these findings, and the necessity of developing some principles to guide its review of the Byzantine evidence of the parties' costs, the district court was correct to accept only corroborated cost figures.
 
 B.
 
 3
 Section 7.8.1 of the contract between Fair Oaks and Salus provides that "[p]ayments due and unpaid under the contract documents shall bear interest from the date payment is due ... at the legal rate prevailing at the place of the project." Salus argues that the $310,875.33 gross damages award it received on remand was a payment due under Sec. 7.8.1 from December 31, 1984, the date Fair Oaks dismissed it from the project, and that interest should have run from that date. The district court disagreed and awarded interest only on Salus' net judgment. We believe this was proper.
 
 
 4
 The only payment legally due Salus under the contract was for its unreimbursed costs less Fair Oaks' costs to complete the work originally assigned to Salus. Salus has by agreement acknowledged that it breached the contract, and that it bears liability for Fair Oaks' damages. This admission is incompatible with Salus' contention that it was nonetheless in some sense "due" its gross unreimbursed costs. The district court sensibly concluded that the amount due Salus under Sec. 7.8.1 must reflect the damages occasioned by Salus' breach of the contract. We endorse this conclusion and reject Salus' claim for a higher interest award.[1]
 
 II.
 
 5
 We find no merit to Fair Oaks' arguments on its cross-appeal. Fair Oaks first proposes that the district court inadvertently omitted certain of its damages in calculating the net judgment on remand. The district court had before it an agreement, which Fair Oaks neither refers us to nor challenges, liquidating Fair Oaks' damages at $221,982.66. Fair Oaks moved for reconsideration and clarification of the judgment by the district court without raising an inadvertence argument. We cannot agree that the district court, in its exhaustive scrutiny of the parties' evidence, somehow overlooked a major element of Fair Oaks' claim.
 
 
 6
 Fair Oaks' other argument is that a "jury verdict" theory of damages recommends reinstating the original judgment. As Fair Oaks explains, the jury verdict theory warrants or justifies a monetary award in a case in which liability is certain but no good evidence of damages exists. Fair Oaks' vigorous participation in the wrangling over damages that has consumed much of our and the district court's time, and the volume of damages evidence adduced, make abundantly clear that a jury verdict theory has no application to this case.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 We also approve the district court's application of an 8% per annum interest rate to the liquidated net judgment. Va.Ann. Sec. 6.1-330.53 (1988)
 Salus' rather involved argument that the district court's order in effect grants Fair Oaks interest on its gross damages only makes sense if we conclude that Salus should have received interest on its gross costs. Having concluded otherwise, we need not address the merits of this argument.